. [No. 65.  *En Banc.*  July 2, 1919.]

*In the Matter of the Proceedings for the Disbarment of*
C. Victor Martin.[1]

Attorney and Client (7, 7-1)—Disbarment—Grounds.  An attorney is guilty of misconduct for which he should be disbarred, where he settled and dismissed an action, receiving $5,000 which he misappropriated and retained for years without disclosing the settlement.

Proceeding filed in the supreme court December 14, 1918, for the disbarment of an attorney, upon the findings of the state board of law examiners against the accused.  Judgment of disbarment.

*The Attorney General* and *R. M. Burgunder, Assistant,* for the state.

*C. Victor Martin,* for accused.

Tolman, J. — The state board of law examiners heretofore duly prepared, filed, and served upon C. Victor Martin, a licensed attorney of this state, a complaint charging him with unprofessional conduct involving moral turpitude.  A hearing thereon was had, evidence taken, and after the submission of the case, the board made its findings as follows:

"I.  That C. Victor Martin is now, and at all times mentioned herein has been, a duly qualified attorney

[1]Reported in 182 Pac. 579.

at law, admitted to practice in all of the courts of the state of Washington, and has at all times herein mentioned practiced as such attorney at law in the city of Wenatchee, Chelan county, Washington.

"II. That in the month of May, 1912, C. Victor Martin, as attorney for the plaintiff, commenced an action in the superior court of Chelan county, which said case was numbered 1455 and entitled 'George W. Brisky on his own behalf and as executor of the estate of Mary F. Brisky, deceased, plaintiff, v. Leavenworth Logging, Boom and Water Power Company, a corporation, and Lamb-Davis Company, a corporation, defendants.' That in said action said C. Victor Martin sought to recover for plaintiff the sum of $32,000 for damages done to plaintiff's land by defendants through the construction of a dam across the Wenatchee river. That in said action plaintiff only sought to recover for the damage done to the land for the period from May, 1910, to December, 1911, having before the institution of said action recovered a judgment against the defendants for damages for the years 1908 and 1909.

"III. That subsequent to the institution of said action, and on or about the 3rd day of January, 1913, C. Victor Martin, acting on behalf of plaintiff and as a representative of certain of the heirs of Mary F. Brisky, entered into an agreement with the defendants in said action for the settlement and adjustment out of court of all damages done to plaintiff's land during the years 1910 and 1911, involved in said action, and also of all damages caused during the year 1912. That in said agreement provision was also made for the payment by defendants to plaintiff of a certain sum per year for each year thereafter that they caused the land of plaintiffs to be overflowed.

"IV. That said defendants paid to said C. Victor Martin, for and on behalf of his clients, in full settlement of all claims for damages for the years 1910, 1911 and 1912 the sum of $5,000, as follows: $2,000 in cash, a note for $2,000, which was subsequently paid to said attorney, and an order for $1,000 worth of lumber, which was subsequently filled under the direction of

said attorney. That after the receipt of said cash, note and order, the said C. Victor Martin moved the court to dismiss the action hereinabove described, on the ground that the same had been settled out of court, and in support of said motion made and filed an affidavit in which he swore that said action had been fully settled by the parties and that it was the desire of all parties that said case be dismissed. That, therefore, on the 27th day of March, 1913, the court entered an order on said motion dismissing said case.

"V. That said C. Victor Martin did not disclose to his clients the fact that he had received said money, note and order, or account to them therefor, and it was not until during the course of a trial of another case between the same parties in April, 1916, that it was learned that said Martin had received said sum of $5,000 or its equivalent. That since said time repeated demands have been made on said attorney for said money; but that said Martin has refused to pay over the same or any part thereof to the persons entitled thereto, but has appropriated the same to his own use.

"From the foregoing findings, the board makes the following conclusion:

"(1) That the acts and omissions of said C. Victor Martin constitute unprofessional conduct as an attorney at law and involve moral turpitude.

"Recommendation:

"The board having found that the charge filed against Mr. Martin has been fully sustained, recommends that his license to practice as an attorney at law in the state of Washington should be revoked and that he should be disbarred."

To these findings, Mr. Martin filed exceptions, submitted briefs, and twice argued the matter orally before the court En Banc. We have examined all of the testimony taken, carefully considered the briefs and arguments, and are convinced that the findings of the board are sustained by the evidence beyond a reasonable doubt.

It is therefore the judgment of this court that the license heretofore granted Mr. Martin to practice law in this state be revoked, that he be disbarred, and his name stricken from the rolls.

HOLCOMB, C. J., MACKINTOSH, MAIN, FULLERTON, MOUNT, MITCHELL, and PARKER, JJ., concur.